KLEIN, J.
The trial court found that appellant violated his probation by loitering and giving a law enforcement officer a false birth date. We reverse.
A detective testified that appellant was standing in the parking lot of a gas station with another person who was drinking an alcoholic beverage from an open container. Appellant had a container of an alcoholic beverage, which he tried to hide, but there *1084 was no evidence it was open. The detective testified that he had previously warned both men not to loiter in this parking lot, and that he arrested, appellant because of the previous warning. Appellant gave the officer his correct name, but the birth date was incorrect by four years. The clerk from the gas station testified that appellant was a regular customer with whom he never had a problem, and he had never asked appellant to leave.
The trial court found that appellant had violated section 901.36, Florida Statutes (2004), by giving the officer a false date of birth. Lawful detention, however, is a condition precedent to the violation of this statute, J.P. v. State, 855 So.2d 1262 (Fla. 4th DCA 2003), and appellant argues he was not lawfully detained.
The Dania loitering ordinance, section 17-12.1, prohibits loitering as follows:
(c) Prohibitions. No person shall prowl, sleep, loiter, stand, wander or congregate on the streets, sidewalks ... or other public places, or in public entrances to private establishments, within the City of Dania, Florida:
(1) So as to obstruct or impede pedestrian or vehicular traffic in a manner endangering public safety or threatening a breach of the peace;
(2) In a manner warranting reasonable concern for the safety or security of persons or property in the vicinity;
(3) After being reasonably requested by a police officer to disperse or move, when the failure to comply reasonably threatens public safety or convenience;
(4) Without apparent reason and refuse to identify himself or herself or account for his or her conduct when requested to do so by a police officer, under circumstances giving rise to a reasonable suspicion that the person is engaged in or planning a crime or constitutes a threat to public peace or the personal safety or property of others; provided, however, that a mere refusal to identify himself or herself or account for his or her conduct shall not be sufficient grounds for arrest.
Viewed in a light most favorable to the state, the evidence reflected that appellant was in the parking lot of a gas station after being told by an officer not to be there on a prior occasion, and that appellant attempted to hide a closed alcoholic beverage container in his pocket. There was no evidence appellant was obstructing or impeding, refused to leave, or was engaging in any other conduct which would violate the ordinance.
Because there was no evidence that appellant was loitering, it follows that appellant was not lawfully detained, and no violation of section 901.36, Florida Statutes occurred. Reversed.
SHAHOOD and TAYLOR, JJ., concur.